UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-20666-Civ-COOKE/TORRES

SOYINI O. TURNER,

    Plaintiff,

v.

PONCE PLAZA INC.,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    This is an action for alleged unpaid overtime compensation and declaratory relief. Before me now is Defendant, Ponce Plaza, Inc.'s Motion for Summary Judgment and Memorandum of Law in Support (the "Motion") (ECF Nos. 28, 29), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (ECF Nos. 35, 36), and Defendant's Reply in Support of its Motion for Summary Judgment (ECF No. 37). For the reasons that follow, Defendant's Motion is denied.

**I.    Factual Background**

    Unless otherwise noted, the following facts are not in dispute. Plaintiff, Soyini O. Turner ("Plaintiff"), is a former employee of Defendant who was employed as a nurse at Defendant's nursing home facility from approximately July 2001 through November 2013. On February 24, 2014, Plaintiff filed a Complaint against Defendant, alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff's Complaint sets forth one (1) substantive count against Defendant for alleged overtime violations, and seeks back wages, liquidated damages, interest, attorney's fees, and litigation expenses. Plaintiff's Complaint alleges that Plaintiff "worked unpaid overtime hours when the Defendant would have nurses, including Plaintiff, work beyond the end of their shifts without pay." (Compl. ¶ 14). Plaintiff's Complaint further alleges that "[t]he Defendant was aware of the 'off-the-clock' work performed by nurses, and of the requirement to compensate [Plaintiff] for all work done 'off-the-clock.'" (Compl. ¶ 17).

While Plaintiff's Complaint refers to work done "off-the-clock", Plaintiff admitted during her deposition that she "never did any work off the clock." (ECF No. 29-1 at 17:14-17). Plaintiff stated that "[her] time records would accurately reflect [her] hours worked." (*Id*. at 34:21-25). Plaintiff, however, claims that she was not paid for hours that she worked while "on the clock," but beyond her scheduled shift. Plaintiff's earning statements sometimes reflect hours worked which exceed forty hours per week, and the payment of overtime. (ECF No. 29-3 at 10, 12, 15, and 74 of 76). The Director of Defendant Ponce Plaza testified through affidavit that based upon her review of Plaintiff's timekeeping records, earnings statements, and all other information, Plaintiff was "paid any and all amounts to which she was entitled, including time and a half for any and all overtime worked." (ECF No. 29-2 at ¶ 7). However, Plaintiff has testified, through declaration under penalty of perjury, that her time records, to the extent that they do not reflect her working overtime of two and a half to three hours per day, have been tampered with. (ECF No. 36-2). Plaintiff also testified that a thirty-minute daily break was deducted from her time records, although she never took a break and never clocked out for thirty minutes a day during her shifts. (*Id.*).

## II.   LEGAL STANDARDS

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant has the burden of demonstrating through depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, the absence of any genuine material, factual dispute. *Id.*

An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). An issue is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

In order for a movant to be entitled to summary judgment, he bears the initial burden of establishing the nonexistence of a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). On summary judgment, it is not the function of the Court to resolve conflicting views of the evidence. When viewing the evidence on a motion for summary judgment, the Court is required to draw all reasonable inferences in favor of the non-moving party. *Id.*

### III. ANALYSIS

The Fair Labor Standards Act ("FLSA") requires that employers pay their employees time and a half for hours an employee works in excess of a 40-hour workweek. 29 U.S.C. § 207(a)(1). If an employee works overtime without being paid, he may bring a private FLSA action for damages. *See* 29 U.S.C. § 216(b). "An unpaid overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). "Knowledge may be imputed to the employer when its supervisors or management encourage artificially low reporting." *Id.* (quotation marks and citation omitted).

"It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment." *Allen v. Bd. of Public Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007). Where the employer's records cannot be trusted and the employee lacks documentation, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

Defendant argues that it is entitled to summary judgment because Plaintiff's sworn testimony at deposition was that she never worked "off-the-clock," meaning that she did not clock out until she was actually done working. Plaintiff also testified at deposition as follows:

Q: Your time records would accurately reflect your hours worked?
A: Yes.
Q: All of them always?
A: Yes.

(ECF No. 29-1 at 33:8-25). Defendant argues further that Plaintiff's time records indicate that she rarely worked overtime, and are fully consistent with the compensation paid to her as indicated on her earnings statements.

Plaintiff argues that her deposition testimony does not establish that her time records were accurate because she was never shown her time records during that deposition. I agree.

3

Defendant is not entitled to summary judgment because Plaintiff's testimony does not establish conclusively that her time records were accurate. Plaintiff was not provided with a copy of her time records to review before answering the question, "Your time records would accurately reflect your hours worked?" *See* Pl.'s Dep. (ECF No. 29-1) (no exhibits were marked). Accordingly, her response, "Yes," was based on her speculation that, since she did not clock out until after she completed all her work, including the alleged overtime work, her records would accurately reflect that fact. *See Id.* at 23:15-21. Plaintiff otherwise consistently stated during her deposition that she regularly worked two and a half to three hours after her shift ended at 7:00 a.m., but was not paid for this overtime. *See* Pl.'s Dep. (ECF No. 29-1) at 16:15-16, 22:3-9, 22:18-23:1. Plaintiff also responded to Defendant's interrogatory by stating that, "We were told to clock out when our shift ended and to come back in to work off the clock for on average 3 hours a day." (ECF No. 36-4 at 6). Plaintiff also submits, in response to Defendant's Motion for Summary Judgment, the declaration of Xiomara Imzadi, Plaintiff's mother, who declared under penalties of perjury, that she was responsible for picking up Plaintiff after work, and that Plaintiff would regularly not finish until two to three hours after her shift ended. (ECF No. 36-3).

      Defendant argues that this Court should disregard Plaintiff's Declaration (ECF No. 36-2) because it contradicts the sworn testimony she gave during her deposition, in an effort to avoid summary judgment. An affidavit that "flatly contradicts earlier deposition testimony without valid explanation" may be disregarded as a "sham." *Faulk v. Volunteers of America*, 444 Fed. Appx. 316, 318 (11th Cir. 2011). Here, however, Plaintiff's declaration does not contradict her deposition testimony because Defendant never showed Plaintiff her time records when it asked her to vouch for their accuracy. Therefore, Plaintiff's statement that her time records would be accurate was based on pure speculation premised on her testimony that she never clocked out before finishing her work.

      In sum, Defendant has failed to carry its burden of demonstrating that there are no genuine disputes as to any material fact. Instead, the record shows that there is a factual dispute as to whether Plaintiff worked two and a half to three hours past her shift, and whether Defendant's time records are accurate or not. As the Court must draw reasonable inferences in favor of the non-moving party, Defendant's Motion is denied.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF Nos. 28) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 24th day of September 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*